UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYMPHONY FS LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 5:18-cv-3904 |
| | : | |
| J. BARRY THOMPSON, | : | |
| | : | |
| Defendant. | : | |

## **OPINION AND ORDER**

In this case, which involves Defendant's alleged misappropriation of Plaintiff's funds in connection with an attempt to broker a purchase of Bitcoins for Plaintiff, the parties are conducting expedited discovery in preparation for a hearing on Plaintiff's motion for preliminary injunctive relief, scheduled for October 29, 2018. Defendant moves to quash two subpoenas *duces tecum*, one directed to JAMS Mediation, Arbitration & ADR Services, and one directed to Circle Internet Financial, Inc., ECF No. 24. For the reasons discussed below, this Court denies the motion and directs the recipients to comply with the subpoenas.

**A. Legal Standard for a Motion to Quash a Subpoena**

Courts use a burden-shifting framework to analyze motions to quash and first require the party issuing a subpoena to show that its request falls within the scope of permitted discovery under Federal Rule of Civil Procedure 26. *Paramo v. Aspira Bilingual Cyber Charter School*, No. CV 17-3863, 2018 WL 4538422, at *2 (E.D. Pa. Sept. 21, 2018) (citing *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016)). Thus, the party issuing the subpoena must show that it will lead to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

If the subpoenaing party meets its burden, "the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena." *Green*, 314 F.R.D. at 169. Rule 45 requires courts to quash a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond certain geographical limits; (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). "The burden of the party opposing the subpoena is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order." *Green*, 314 F.R.D. at 170.

**B. JAMS Subpoena**

Plaintiff seeks discovery from JAMS of documents relating to any arbitration proceeding pending before JAMS and involving Volantis Escrow Platform, LLC, FTL Holdings, LLC, or Defendant J. Barry Thompson. Plaintiff explains that it seeks these documents because it believes that a hedge fund is currently arbitrating claims against Thompson and Volantis based on similar allegations as this case—misappropriation of funds resulting from a failed Bitcoin trade. This Court concludes that this information may lead to information relevant to Plaintiff's claim for a preliminary injunction because it may evidence Thompson's facility with dissipating assets entrusted to him for Bitcoin trades. Accordingly, Plaintiff has met its burden to enforce the JAMS subpoena.

Defendant opposes the subpoena on the ground that JAMS rules treat information relating to pending proceedings as confidential. However, JAMS Rule 26(a) explicitly provides that arbitration proceedings and awards shall remain confidential, "unless otherwise required by law *or judicial decision.*" *See* https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-26 (emphasis added). Therefore, the JAMS rules themselves allow JAMS to disclose documents

relating to pending arbitrations when required by a court. Moreover, Defendant has not explained any particular harm that will result from the disclosure of pending arbitrations. *See In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-0620, 2012 WL 298480, at *5 (E.D. Pa. Jan. 31, 2012) ("Blanket and generalized assertions of confidentiality, absent allegations regarding specific harm, are not sufficient to sustain a motion to quash." (alterations and quotation omitted)). Therefore, Defendant has not carried his burden to quash the subpoena to JAMS.

### C. Circle Internet Subpoena

Plaintiff also directed a subpoena to Circle Internet Financial, Inc., a crypto-asset exchange company, requesting any records of transactions by Volantis Escrow Platform, LLC, FTL Holdings, LLC, or Defendant J. Barry Thompson. Plaintiff explains that it sought discovery from Defendant concerning financial records of any cryptocurrency or digital asset accounts to determine whether Defendant has dissipated assets; however, Defendant did not produce any responsive information. Plaintiff states that Defendant once told a Symphony officer that he has accounts with Circle Internet. Because the issue of Defendant's ability to dissipate assets and the question of whether he dissipated the funds that Plaintiff placed in escrow directly affect Plaintiff's ability to obtain a preliminary injunction and to prevail on the merits of its claims, Plaintiff's request falls within the scope of permitted discovery.

Defendant argues that Plaintiff seeks irrelevant information and characterizes the information it requests from Circle Internet as "related to a contract completely separate from the one between Symphony and Volantis." However, Defendant misunderstands the purpose for which Plaintiff requests Circle Internet's records: to determine whether Defendant dissipated assets and whether he retains the ability to do so. Defendant has not shown that Plaintiff requests

3
101618

irrelevant, privileged or confidential information, that the request is overbroad, or that it imposes an undue burden on Circle Internet. Therefore, this Court will not quash the subpoena to Circle Internet.

**D. Order**

**ACCORDINGLY**, this 16th day of October, 2018, for the reasons discussed above, **IT IS ORDERED THAT**:

1. Defendant's Motion to Quash Subpoenas, ECF No. 24, is **DENIED**.

2. JAMS and Circle Internet Financial, Inc. shall respond to the subpoenas.

3. The parties may by mutual consent agree to conduct third-party depositions beyond the October 22 deadline set by this Court's Order of October 4, 2018, ECF No. 23; however, any mutual consent by counsel to conduct discovery beyond the deadline will not affect nor change any deadlines in the October 4 Order, including the date of the scheduled preliminary injunction hearing.[1]

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Court

---

[1] On October 15, 2018, counsel for Plaintiff submitted a letter to this Court outlining various discovery difficulties and requesting that this Court compel Defendant to complete document production and appear for his deposition and requesting permission to take a third-party deposition after the October 22 deposition deadline. Counsel for Defendant responded on October 16, 2018, and counsel for Plaintiff filed another letter that same date. The parties are advised that this Court will not referee disputes over scheduling and that they must work together to complete discovery, as no further extensions will be granted.